UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MICHAEL LEVINSON,

                                  **MEMORANDUM OF**
                                  **DECISION AND ORDER**
            Appellant,         07 CV 3881 (ADS)

    -against-

R&E PROPERTY CORP.,

                     Appellee
----------------------------------------------------------X

**APPEARANCES**:


**PRYOR & MANDELUP, L.L.P.**
Attorneys for the Debtor/Appellant
675 Old Country Road
Westbury, NY 11590
        By:    Anthony F. Giuliano, Esq., Of Counsel

**BERKMAN, HENOCH, PETERSON & PEDDY, P.C.**
Attorneys for the Appellee
100 Garden City Plaza
Garden City, NY 11530
        By:    Bruce D. Mael, Esq., Of Counsel


**SPATT, District Judge.**

       On December 20, 2006, Michael Levinson (the "Debtor" or the "Appellant")

filed a petition under Chapter 13 of the Bankruptcy Code (the "Petition"). Presently

before the Court is an appeal by the Appellant from an Order of United States

Bankruptcy Judge Dorothy T. Eisenberg which denied his motion for an order

pursuant to 11 U.S.C. § 522(f)(1), avoiding the judicial lien of R&E Property Corp. ("R&E" or the "Appellee") against his interest in certain real property located at 20 Meadow Drive, Woodmere, New York (the "Property"), owned by the Appellant and his wife as tenants in the entirety.

## I. BACKGROUND

### A. Factual Background

R&E is a secured creditor of the Debtor by virtue of a judgment in the amount of $428,576.79, entered in the Nassau County Clerk's Office on October 10, 2006. On October 21, 2006, the Debtor's Property, owned as a tenant in the entirety with his wife, was appraised at a value of $900,000, pursuant to an appraisal obtained by the Debtor. On December 20, 2006, the Debtor filed the Petition and a Chapter 13 Plan. On January 10, 2007, R&E filed a secured claim in the amount of $436,080.07 plus statutory interest from October 10, 2006. In May 2007, the Debtor filed an Amended Chapter 13 Plan, proposing payment to R&E in the sum of $51,172, plus interest.

In the Petition, the Debtor valued his interest in the Property at $103,706.10, based on an actuarial analysis obtained by the Debtor from an actuary, Barry Kaplan. The Debtor contended that the present value of his survivorship interest in the Property as a tenant in the entirety was 11% of the Property's total value, based upon the fact that he is three years older than his wife and that neither spouse receives disability payments. The total liens against the Property were as follows: (1) a home

equity line of credit held by Bank of New York in the amount of $16,966.04; (2) a $20,000 mortgage held by Chase Bank with a balance of $84.44, which has since been satisfied; and (3) R&E's judgment lien in the amount of $436,080.07, plus interest.

On June 13, 2007, the Debtor moved for an order pursuant to 11 U.S.C. §522(f), avoiding R&E's judicial lien against the Property. The Debtor contended that the lien impaired his homestead exemption. Specifically, the Debtor argued that the home equity line of credit and the mortgage on the Property totaled $17,050.48. He further contended that he was entitled to a $50,000 homestead exemption. As a result, with his value in the Property totaling only $103,706.10, the Debtor claimed that after the homestead exemption and the home equity and mortgage liens, only $36,655.52 remained in his interest in the Property. He asserted that, as a result, R&E's lien should be partially avoided and reduced to the remaining sum of $36,655.52.

**B.**   **The Bankruptcy Court's Decision**

On June 26, 2007, this motion was argued before the Bankruptcy Court. On July 24, 2007, the Bankruptcy Court denied the motion. In a comprehensive and detailed decision, Judge Eisenberg determined that under New York law, in a tenancy by the entirety, both spouses possess the right to the entire property because both parties are deemed "seized of the whole" estate. As a result, a debtor who holds real property by a tenancy in the entirety holds an interest in the entire property. Judge Eisenberg determined that the value of the Debtor's interest in the Property is the

whole value of the Property, namely the sum of $900,000.  She further rejected the Debtor's proposed use of actuarial tables, noting that such a valuation of the Property was speculative and should not be utilized in the context of section 522(f).  As a result, Judge Eisenberg determined that R&E's lien did not impair the homestead exemption and denied the motion for lien avoidance.

C.     **The Present Appeal**

On September 18, 2007, the Debtor appealed from the decision of the Bankruptcy Court.  The Appellant contends that the Bankruptcy Court erred in valuing his interest in the Property at the total value of the Property **or** $900,000.  The Appellant further contends that the Bankruptcy Court should have applied an actuarial analysis to value his interest in the Property.  In sum, the Appellant claims that he is entitled to avoid R&E's lien.

In opposition, R&E contends that Judge Eisenberg correctly found that tenants by the entirety possess 100% interests in the property.  R&E contends that actuarial analysis in the present case is inappropriate and that the cases relied upon by the Debtor are limited to sale of property by a trustee pursuant to section 363(h).

## II. DISCUSSION

### A. Standard Of Review

A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the de novo standard. In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001); In re Arochem Corp., 176 F.3d 610, 620 (2d Cir. 1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo") (citation omitted); In re Bennett Funding Group, Inc., 146 F.3d 136, 138 (2d Cir. 1998) (same) (citations omitted); see also In re Porges, 44 F.3d 159, 162 (2d Cir. 1995) (same) (citations omitted).

"On appeal, a district court 'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'" Eton Centers, Co. v. McNally (In re McNally), No. 02-CV-85, 2003 U.S. Dist. LEXIS 25856, at *3 (S.D.N.Y. June 2, 2003) (citing Fed. R. Bankr. P. 8013).

### B. As To The Appeal

Section 522(f) of the Bankruptcy Code provides that "[n]otwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the

debtor would have been entitled under subsection (b) of this section, if such lien is- (1) a judicial lien." In re Giordano, 177 B.R. 451, 454 (Bankr. E.D.N.Y. 1995) (citing 11 U.S.C. § 522(f)). In addition, according to New York CPLR § 5206, "[p]roperty of one of the following types, not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof: 1. a lot of land with a dwelling thereon." New York CPLR § 5206.

Accordingly, "if a debtor possesses equity in a principal residence, that equity, not exceeding [$50,000], is exempt from the satisfaction of money judgments and, in the event of bankruptcy, is exempt from property of the debtor's bankruptcy estate." In re Giordano, 177 B.R. at 455. "New York's Homestead Exemption is simply the right to receive the first [$50,000] in proceeds . . . The balance of proceeds, if any, is paid to the judicial lien creditor." Id. at 457. In the present case, it is undisputed that the Debtor is entitled to a homestead exemption, pursuant to New York CPLR section 5206 and may avoid liens that impair such exemption, pursuant to section 522(f) of the Bankruptcy Code .

However, "[t]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided." In re Barrett, No. No. 06-20294, 2007 Bankr. LEXIS 1809, at *7 (Bankr. D. Me. May 29, 2007); In re Vizentinis, 175 B.R. 824, 827

(Bankr. S.D.N.Y. 1994) ("the judicial lien survives only to the extent that a debtor's equity results in a surplus after deducting the homestead exemption. This interpretation maintains the debtor's full exemption by insuring that the judicial lien which survives can in no way adversely affect the homestead exemption"). See also FDIC v. Finn (In re Finn), 211 B.R. 780, 783 (BAP 1st Cir. 1997) ("we find that it would be inconsistent with the policy of exemptions to permit the Debtor-Appellee to avoid the lien in full despite the existence of non-exempt equity to which the lien could attach because the Debtor-Appellee would in effect be getting an unlimited exemption").

In the present case, it is undisputed that the Debtor has the right to receive a $50,000 homestead exemption and may avoid judicial liens that impede this exemption. However, at issue is the equity remaining in the Property, owned by the Debtor and his wife as a tenancy in the entirety, following the homestead exemption. The Debtor contends that the lien should be avoided and reduced to $36,655.52 because his share of the Property is valued at only $103,706.10. However, R&E contends that the lien should not be avoided because there is sufficient equity in the Property.

In order to determine the Debtor's interest in the Property, the Court must first review New York law regarding a tenancy by the entirety. "Tenancy by the entirety has always been a form of real property ownership available only to those who were

actually married at the time of conveyance" V.R.W., Inc. v. Klein, 68 N.Y.2d 560, 563, 503 N.E.2d 496, 510 N.Y.S.2d 848 (1986). "At common law, husband and wife were deemed a single legal entity, and a conveyance of property to both created an indivisible interest so that both parties were deemed seized of the whole." Id. Moreover, "a tenancy by the entirety is described in Law French as being per tout et non per my, by the whole and not by the share (moiety), meaning each holds the whole or entire interest and lacks the power to alienate an undivided share." Citibank, N.A. v. Goldberg,679 N.Y.S.2d 237, 1998 N.Y. Misc. LEXIS 484 (Nassau 1998) (internal citations omitted). In fact, "[a]s long as the marriage remains legally intact, both parties continue to be seized of the whole, and the death of one merely results in the defeasance of the deceased spouse's co-extensive interest in the property." In re Rerisi, 172 B.R. 525, 528 (Bankr. E.D.N.Y. 1994) (citing V.R.W., 68 N.Y.2d at 563).

In reviewing the case law, the Court finds that the cases relied upon by Judge Eisenberg are directly relevant to the issues raised in this appeal. In Brinley v. LPP Mortg., Ltd. (In re Brinley), 403 F.3d 415, 420 (6th Cir. 2005), the Sixth Circuit addressed an issue identical to that before this Court, namely the valuation of property owned by a debtor, as a tenant in the entirety, in a section 522(f) proceeding. The Court found that "[b]ecause Brinley and his wife shared the property in question as spouses, their interests in the realty were as tenants by the entirety. Consequently, Brinley and his wife each owned the entire estate and the debtor was properly charged

with the full $280,000.00 value of that property." In re Brinley, 403 F.3d at 420. Moreover, the Court discussed Kentucky law regarding tenancies by the entirety and the definition is substantially similar to that in New York. The Court noted "[a] tenancy by the entirety . . . is an estate in land shared by husband and wife, whereby at the death of either the survivor is entitled to full fee simple ownership . . . The survivor takes the entire estate at the death of the deceased co-tenant not by virtue of that death, but because, in law, each was viewed to own the entire estate from the time of its creation." Id. (internal citations omitted).

In addition, in Snyder v. Rockland Trust Co. (In re Snyder), 249 B.R. 40, 45 (B.A.P. 1st Cir. 2000), as in the present case, "[t]he Appellant argue[d] that the bankruptcy court erred by not determining a present value of the Debtor's interest in the property as of the petition date. Since the Appellant is a male and older than the spouse, the argument goes that he must have less than a fifty percent interest in the property since his life expectancy would surely be less than that of the spouse if, in fact, an actuarial determination was made." However, the Court, applying Massachusetts law, determined that "a tenancy by the entirety remains a unitary title, and the statute simply guarantees each spouse an equal right to the whole." In re Snyder, 249 B.R. at 46. "Thus, the Panel agrees with the bankruptcy court that the Debtor's interest in the tenancy by the entirety property for purposes of the section 522(f) formula should be valued at 100 percent." Id. The Court rejected an actuarial

analysis noting that "valuations are commonly made many times in the bankruptcy process and are always a snapshot of one place and time although, in actuality, values change over time. However, for bankruptcy purposes, they are fixed." Id.

As this Court has not located, and the parties have not cited to any applicable Second Circuit authority, the Court finds the reasoning of the Brinley and Snyder Courts to be persuasive. Both cases involve almost identical facts and issues to those in the present case. Both cases define a tenancy by the entirety in the usual 100% each manner. As such, the Court finds that the Debtor is deemed to own 100% of the Property, pursuant to New York tenancy by the entirety law. Therefore, his interest in the Property is valued at $900,000.

Although in Eton Centers, Co. v. McNally (In re McNally), 2003 U.S. Dist. LEXIS 25856 (N.D.N.Y May 30, 2003), a court in the Northern District of New York, in a brief decision, approved of the valuation of a debtor's interest in property owned as a tenancy in the entirety as 50%, the Court disagrees and finds the reasoning of the Brinley and Snyder courts, coupled with the settled definition of a tenant by the entirety, to be persuasive.

In addition, the Court notes that although the Debtor cites various cases in support of his contention that the Court should apply an actuarial analysis to determine his interest in the Property, the cited cases do not discuss section 522(f). In fact, as Judge Eisenberg properly found, those cases are relevant to section 363(h) and,

specifically, the detriment to a non-debtor spouse resulting from a sale of a tenancy by the entirety.  The present case involves section 522(f) and avoiding a lien because it impairs an exemption; it does not involve a sale of a tenancy by the entirety.  As such, as in Snyder, this Court finds that an actuarial analysis is not appropriate to determine the Debtor's interest in the Property.

Accordingly, the decision of the Bankruptcy Court is affirmed and the appeal is denied.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the appeal is **DENIED** and the decision of the Bankruptcy Court dated July 24, 2007 is affirmed ; and it is further

**ORDERED**, that this case is closed.

**SO ORDERED.**

Dated: Central Islip, New York
August 27, 2008

 */s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge